```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| LAWRENCE IACONO and<br>NANCY IACONO,<br><br>        Plaintiffs,<br><br>        v.<br><br>WILLIAM MAUGER, et al.,<br><br>        Defendants. | : <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: | HON. JEROME B. SIMANDLE<br><br>Civil No. 08-1197 (JBS)<br><br>MEMORANDUM OPINION |

**Simandle, District Judge:**

This matter is before the Court on Plaintiffs' motion for reconsideration of the Court's Order granting Defendant State Farm Insurance Company's motion to dismiss. For the reasons explained below, the Court shall deny the motion for reconsideration.

   1.  Defendant State Farm Insurance Company filed a motion to dismiss for failure to state a claim on March 31, 2008 that was originally returnable May 5, 2008.

   2.  Pursuant to Local Civil Rule 7.1(d)(5) Plaintiff received an automatic extension of time to file his opposition until May 5, 2008.

   3.  On that date, Plaintiffs requested, via a letter to Chambers, an additional extension of the return date to June 2, 2008. That request for an extension was not opposed and the Court therefore granted it.

   4.  However, no opposition was filed by June 2, 2008, and

Plaintiffs requested no additional extension.  Therefore, on June 11, 2008, this Court entered an Order granting the motion to dismiss as unopposed.

5.  On June 25, 2008, Plaintiff filed a motion for reconsideration of the Court's decision to dismiss the claims. Specifically, Plaintiffs filed a notice of motion for reconsideration pursuant to L. Civ. R. 7.1, a declaration that attempts to explain the failure to timely oppose the motion to dismiss, a proposed brief in opposition to the motion to dismiss, a proposed order granting the motion for reconsideration, and a declaration supporting the opposition to the motion to dismiss. Plaintiffs submit no document that applies the standard for reconsideration to this case or that attempts to explain why the Court should overturn its dismissal of Plaintiffs' claims.

6.  Local Civil Rule 7.1(i) of the United States District Court, District of New Jersey, governs the instant motion for reconsideration.  Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authority it believes the court "overlooked" when rendering its initial decision.  L. Civ. R. 7.1(i).  "[R]econsideration is an extraordinary remedy that is granted very sparingly."  Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312 at *5 (D.N.J. Oct. 7, 2003)(internal quotations omitted).  Whether to grant reconsideration is a matter within the district court's

discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked.  See DeLong Corp. v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).  "A party seeking reconsideration must show more than a disagreement with the court's decision . . . ."  Panna v. Firstrust Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991).  Instead, the party seeking reconsideration must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Furthermore, the Court will grant a motion for reconsideration only if the movant establishes that the Court overlooked "dispositive factual matters or controlling decisions of law."  See Rouse v. Plantier, 997 F. Supp. 575, 578 (D.N.J. 1998); Starr v. JCI Data Processing, Inc., 767 F. Supp. 633, 635 (D.N.J. 1991).

7.  Plaintiffs' declaration in support of the motion for reconsideration asserts that Plaintiffs' counsel failed to timely oppose the properly filed motion to dismiss because Plaintiff's counsel has been involved in a time-consuming case in Chancery

3

Court in Camden County. (Morris Decl. ¶ 3.) Plaintiffs' counsel further asserts that on June 3, 2008, after the time had passed for him to oppose the motion to dismiss, he requested that Defendant's counsel consent to an additional extension of time, which Defendant did not grant. (Id. ¶ 4.) Plaintiffs' counsel concluded therefore that he did not have time to complete the brief.

8. As the Court stated in its prior Order dismissing Plaintiffs' claims against State Farm, Plaintiffs did not request an extension of time from this Court, prior to June 2, 2008 or after, to file its opposition to the motion to dismiss. Plaintiffs were not required to receive consent from Defendant to do so and his explanation of events does not establish any good cause or excusable neglect to excuse the failure. See Fed. R. Civ. P. 6(b); L. Civ. R. 6.1 (all requests for extensions of time to be made in writing prior to expiration of period sought to be extended). "While consent of the parties may well be compelling and, where present, should always be set forth in any application for additional time, it no longer controls whether an extension will be granted." Allyn Lite, New Jersey Federal Practice Rules, L. Civ. R. 6.1, comment 4 (2008).

9. Furthermore, Plaintiffs do not argue that this case meets any of the grounds on which the Court typically grants reconsideration. There is no claim of an intervening change in

the controlling law, the availability of new evidence, or the need to correct a clear error of law or fact or prevent manifest injustice.  See Max's Seafood Café, 176 F.3d at 677.

    10.  In its opposition to the motion for reconsideration, Defendant State Farm sets forth several other violations of court-imposed deadlines.  Specifically, Defendant alleges that Plaintiffs have failed to provide initial disclosures, which were due April 30, 2008, and failed to respond to discovery requests by a May 30, 2008 deadline.  Plaintiff failed to reply to this opposition.  See L. Civ. R. 7.1 (d)(3) (permitting moving parties to file reply briefs).  Thus, these allegations are not contradicted.  Hence, it appears that Plaintiffs' counsel's failure to oppose the dismissal motion within the twice-extended deadline, or to seek a further extension thereof, was not an isolated event.

    11.  Whether to grant extensions of time or motions for reconsideration are matters within the discretion of this Court.  Because Plaintiffs were provided ample time to respond to the motion to dismiss, because they failed to timely request an extension of time, because this motion for reconsideration fails to set forth any appropriate ground for reconsideration or any good cause or excusable neglect explaining the delay, and because Plaintiffs apparently have failed to comply with the discovery orders in this case, the Court shall deny Plaintiffs' motion for

reconsideration.

12.  "The Court has considerable discretion in granting or denying any motion for enlargement of time." <u>Hoffman v. Kennedy</u>, 30 F.R.D. 50, 51 (E.D. Pa. 1962); <u>see</u> Fed. R. Civ. P. 6 (b)(1) (court may grant extension of time for good cause if requested before time expires or after the time expires for excusable neglect).  The Court chooses not to exercise that discretion in this case.  The Court is "mindful that the rules are 'intended to force parties and their attorneys to be diligent in prosecuting their causes of action.' Deadlines, in the law business, serve a useful purpose and reasonable adherence to them is to be encouraged." <u>Spears v. City of Indianapolis</u>, 74 F.3d 153, 157 (7th Cir. Ind. 1996) (quoting <u>Geiger v. Allen</u>, 850 F.2d 330, 331 (7th Cir. 1988)).  The concurrent pendency of another lawsuit is a general feature of the practice of law and does not compel this Court to exercise its discretion in favor of extending the deadlines in this case.  Even if the other case was as all-consuming as counsel claims, his remedies would have included filing a motion for further enlargement of time or even for a temporary stay of this case, since counsel was apparently doing little or nothing to pursue this case during those months.  Plaintiffs' attorney failed to communicate with the Court in a timely manner about the need for a third extension and does not now set forth facts sufficient to persuade the Court that its

untimely opposition should be permitted.

    13.  It would turn motion practice on its head to permit counsel to ignore court-ordered deadlines, failing for ten weeks (March 31, 2008 to June 11, 2008) to oppose a dismissal motion, and then allowing reconsideration of a dismissal order based upon grounds that were never submitted or briefed when the matter was being adjudicated.

    14.  In entering the Order of June 11, 2008, this Court reviewed Defendant State Farm's moving papers and found good cause, under Rule 12(b)(6), Fed. R. Civ. P., to dismiss the claims against State Farm for failure to state a claim upon which relief may be granted under well-settled New Jersey law as to Counts 7-15, and because Count 9 fails to allege any injury caused by State Farm, and because the class claims in Counts 10 and 11 fail to allege any of the requirements for maintaining a class action and fail to state a claim for individual relief, all for the reasons explained in Defendant's brief (Document 8-2). The Court declines to reopen the dismissal motion record to consider the tardy opposition for reasons explained above.  The Court emphasizes that the dismissal order was entered upon the merits and not as a sanction for failure to abide by the court's procedures and orders; discussion of such failures was only for the purpose of determining whether or not to permit reopening the case against State Farm for consideration of the Plaintiffs'

belated opposition.

    15.  For the foregoing reasons, the motion for reconsideration shall be denied and an appropriate Order shall be entered.

**July 29, 2008**                                           **s/ Jerome B. Simandle**
Date                                                      JEROME B. SIMANDLE
                                                             U.S. District Judge